**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
WILLIAM F. DYBER and MARGARET
DYBER,

                              Plaintiffs,

                - against -

QUALITY KING DISTRIBUTORS, INC.,
CHARLES NEWLAND, JERRY MALONE,
ENRIQUE BONILLA, JAMA LOPEZ and
SANTOS "DOE,"

                              Defendants.
-----------------------------------------------------------X

**ORDER**

CV 06-735 (LDW) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       Defendants Quality King Distributors, Inc., Charles Newland and Jerry Malone move by letter motion [DE 10] for an order compelling Plaintiffs to respond to certain interrogatories and document demands. Plaintiffs have submitted a letter opposing the motion. [DE 11] Defendants filed a reply, which I rejected as a violation of my Individual Practice Rule III(A)(1), and which I have not considered in ruling on the pending motion. For the reasons set forth below, Defendants' motion to compel is hereby DENIED.

**I.**       <u>**Background & Procedural History**</u>

       This case was commenced on February 17, 2006 by William F. Dyber, a former employee of Quality King Distributors, Inc. and his wife, Margaret Dyber (collectively, "Plaintiffs"). Mr. Dyber has brought claims against his former employer and co-workers for hostile work environment, sexual harassment, and retaliation under Title VII and the New York State Executive Law § 290 *et seq*., as well as state common law torts of assault, battery and intentional

infliction of emotional distress. *See* Compl. ¶¶ 47-91. Plaintiff Margaret Dyber initially brought a loss of consortium claim, which has since been dismissed. *See* Compl. ¶¶ 91-98. On March 31, 2006, Defendants Enrique Bonilla and Jose "Jama" Lopez served and filed their responsive pleading, generally denying the allegations in the Complaint and raising seven affirmative defenses. *See* [DE 2]. The Defendant "Santos" Doe has yet to formally appear in this action. On April 3, 2006, Defendants Quality King Distributors, Inc., Charles Newland and Jerry Malone answered the Complaint generally denying the allegations set for therein and raising ten affirmative defenses. *See* [DE 3].

On May 31, 2006, the Court held an initial conference concerning the scheduling of discovery. At that conference, I drew the parties' attention to the recent decision of *Burrell v. AT&T Corp.*, No. 03-CV-2490, 2005 WL 2656124, at *1 (S.D.N.Y. Oct. 18, 2005), which held that the spouse of a victim of impermissible discrimination lacks standing to assert claims directly, or on his behalf, including claims for loss of consortium. *Id.* at *4. Thereafter, the parties submitted a Stipulation dismissing the loss of consortium claim and Margaret Dyber as a Plaintiff. The Stipulation was "so-ordered" by Judge Wexler on July 13, 2006. *See* [DE 14].

On June 29, 2006, Defendants Quality King Distributors, Inc., Charles Newland and Jerry Malone moved to compel Plaintiffs' responses as to those interrogatories and request for production of documents concerning Margaret Dyber's role as founder and president of the Sachem Quality of Life Organization, a group that reportedly actively protests illegal immigration. Specifically, Defendants contend that "Margaret Dyber is a leader of the anti-illegal immigration movement on Long Island." [DE 10]. Defendants argue that this anti-illegal immigration bias is relevant to explaining many of the factual allegations contained in the Complaint. According to

2

Defendants, due to "Mr. Dyber's limited mental capacity, Defendants believe that his wife exerts substantial influence over him." [DE 10]. Therefore, Defendants maintain, "Plaintiffs' affiliations with groups opposing illegal immigration are relevant to Mr. Dyber's *motive* in accusing Lopez and Bonilla of sexual harassment." [DE 10] (emphasis supplied). Defendants go on to state that Plaintiffs' dislike of immigrants is a "possible *motive* for this suit is confirmed by the fact Mr. Dyber has a history of aggression toward Hispanic co-workers." *Id.* (emphasis supplied). Finally, Defendants argue that the broad definition of relevance under the federal rules mandates compelling Plaintiffs to respond. *Id.*

Plaintiffs argue that any inquiry into the motive for bringing an action is impermissible and Ms. Dyber's membership in political organizations that oppose illegal immigration is wholly irrelevant. *See* [DE 11]. Additionally, Plaintiffs contend that none of the claims or defenses raised by the parties concern racial or political motives. Therefore, relying upon *Collens v. City of New York*, 222 F.R.D. 249 (S.D.N.Y. 2004), Plaintiffs argue that Defendants should not be permitted to conduct a "fishing expedition in actions or past wrongdoing not related to the alleged claims and defenses." *Id.* at 252.

## II. <u>Standard of Review</u>

The Second Circuit has noted that a "trial court enjoys wide discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion." *DG Creditor Corp. v. Dabah*, (*In re DG Acquisition Corp.*), 151 F.3d 75, 79 (2d Cir. 1998) (citing *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992). A district court is considered to have abused its discretion "if it bases its ruling on a mistaken application of the law or a clearly erroneous finding of fact." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110

3

(2d Cir. 2001). In addition, since Margaret Dyber was dismissed as a Plaintiff, and is therefore now a third-party, "the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non-party." *Fears v. Wilhelmenia Model Agency, Inc.*, No. 02-CV-4911, 2004 WL 719185 at *1 (S.D.N.Y. Apr. 1, 2004); *see also Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996).

## III. Discussion

The gravamen of Defendants' argument is that the compelled disclosure will illustrate Plaintiffs' "motive" in commencing this lawsuit. However, courts have held that a plaintiff's motive in bringing an action, even at the discovery phase, is irrelevant. *See Blank v. Sullivan & Cromwell*, 418 F. Supp. 1, 4 (S.D.N.Y. 1975) (citing *NAACP v. Button*, 371 U.S. 415 (1962)); *see also* 10 Federal Procedure: Lawyer's Edition § 26:83 (2006). This is especially true where the disclosure being compelled concerns constitutionally protected freedoms such as membership in a group advocating certain policies or movements. "It is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute [an] effective... restraint on freedom of association." *International Action Center v. United States*, 207 F.R.D 1, 3 (D.D.C. 2002) (quoting *NAACP v. Alabama*, 357 U.S. 449, 462 (1958)). Furthermore,

> As to the relevancy issue, it is crucial to remember that we are considering the essence of First Amendment policies and programs to which one is opposed, and the freedom to organize, raise money, and associate with other like-minded persons so as to effectively convey message of the protest. The courts have long recognized the sensitivity of information related to such activities and consequently have ruled that the following information is protected by the First Amendment: membership and volunteer lists, contributor lists, and past political activities of plaintiffs and of those persons with whom

4

> they have been affiliated. Consequently, discovery requests that seek
> such information will not be allowed.

*International Action Center*, 207 F.R.D at 4.

Under Fed. R. Civ. P. 26(b) "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party..." Fed. R. Civ. P. 26(b). The Court is aware that relevance is broadly defined to provide parties with liberal access to evidence in advance of trial. *See Daval Steel v. M/V Kakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991); *see also Santrayll v. Burrell*, No. 91-CV-3166, 1998 WL 24375, at *2 (S.D.N.Y. Jan. 22, 1998). Nonetheless, "while the discovery rules are broad, they do not permit discovery of matters that are neither relevant to issues in the case nor calculated to lead to relevant and admissible evidence." *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 274 (S.D.N.Y. 1999). Rather, the purpose of discovery is to elicit "additional facts about a well-pleaded claim." *Lakonia Management Ltd. v. Meriwether*, 106 F. Supp. 2d 540, 559 (S.D.N.Y. 2000). Interrogatories are designed to discover facts under oath or learn where such facts are available so that the issues for trial may be narrowed. *See Fonseca v. Regan*, 98 F.R.D. 694, 700 (E.D.N.Y. 1983), *rev'd on other grounds*, 734 F.2d 944 (2d Cir. 1984), *cert. denied sub nom*, *Republic of Columbia v. Fonseca*, 469 U.S. 882 (1984); *see also United States v. 216 Bottles, More or Less*, 36 F.R.D. 694, 701 (E.D.N.Y. 1965). As federal courts have repeatedly held, "it is difficult to see how an inquiry into the circumstances surrounding the instigation of the action could affect the substance of the claim." *Cresswell v. Prudential-Bach Securities, Inc.*, 105 F.R.D. 64 (S.D.N.Y. 1985) (citing *Foremost Promotions v. Pabst Brewing Co.*, 15 F.R.D. 128 (N.D. Ill. 1953)); *see also Amherst Leasing Corporation v. Emhart Corporation*, 65 F.R.D. 121 (D. Conn. 1974).

Other than alleging improper motives in bringing this action, Defendants have not demonstrated the relevance of Ms. Dyber's participation in the Sachem Quality of Life Organization to the specific claims or defenses raised in this action. In support of their argument, Defendants rely on several cases which discuss motive in the criminal context. These cases are neither persuasive nor applicable when raised in a Title VII claim such as that presented in this case.

## IV.     Conclusion

Based on the foregoing information, Defendants' motion to compel is DENIED. Those discovery demands seeking to elicit information concerning Margaret Dyber's political activities in the anti-illegal immigration movement or her participation in the Sachem Quality of Life Organization require no response. A telephone status conference is hereby scheduled for December 19, 2006, at 2 p.m. to discuss the issues raised in Defendants' letter designated as Docket Entry 15 concerning the status of discovery.

**SO ORDERED.**

Dated: Central Islip, New York
December 12, 2006

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge